PER CURIAM.
The Clean Ah' Ordinance Committee of Alachua County obtained a sufficient number of signatures from registered voters to submit a proposed ordinance to the Alachua County Commission. The commission refused to adopt the ordinance and, in accordance with the county’s charter, it was therefore ordered to be placed on the ballot at the next general election. Florida Rock Industries, Inc., brought an action in the Circuit Court for Alachua County which challenged the proposed ordinance, asserting standing on the basis of its construction of a facility in the county which would be impacted by the ordinance. The necessary federal, state, and local permits for this facility had previously been obtained by Florida Rock. The circuit court entered judgment for the defendants and, for the reasons which are set forth below, we affirm.
As an initial matter, it is important to emphasize that the plaintiff, in order to prevail in the circuit court, must show that the proposed ordinance is unconstitutional on its face and in its entirety to have it removed from the ballot. Dade County v. Dade County League of Municipalities, 104 So.2d 512 (Fla.1958). The plaintiff/appellant failed to make such a showing.
Appellant first asserts that the Clean Air Ordinance, which admittedly sets air quality standards which are stricter than those required by state or federal law, is preempted and can have no effect because it has not been approved by the Department of Environmental Protection (DEP) in accordance with section 403.182(1), Florida Statutes (1997).[1] That statutory subsection provides:
(1) Each county and municipality or any combination thereof may establish and ad *743 minister a local pollution control program if it complies with this act. Local pollution control programs in existence on the effective date of this act shall not be ousted of jurisdiction if such local program complies with this act. All local pollution control programs, whether established before or after the effective date of this act, must:
(a) Be approved by the department as adequate to meet the requirements of this act and any applicable rules and regulations pursuant thereto.
(b) Provide by ordinance, regulation, or local law for requirements compatible with, or stricter or more extensive than those imposed by this act and regulations issued thereunder.
(e) Provide for the enforcement of such requirements by appropriate administrative and judicial process.
(d) Provide for administrative organization, staff, financial and other resources necessary to effectively and efficiently carry out its program.
Further, subsection (2) delegates to DEP exclusive authority and power to require and issue permits, provided, however, that DEP may delegate such authority to a local pollution control organization. Subsection (4) authorizes DEP to supervise, monitor, and take corrective action if a local program is inadequate or is “being administered in a manner inconsistent with the requirements of this act....” Appellees[2] argue that section 403.182 should be read to prohibit the county from implementing a local control program to administer state laws without obtaining DEP approval. They contend, however, that the county possesses power to enact an independent public ordinance to be implemented locally. We disagree. A plain reading of section 403.182 establishes that this ordinance may not, either standing alone or as part of a local pollution program, be effective in the absence of approval from DEP. It does not necessarily follow, however, that the trial court erred when it denied relief to Florida Rock. Since it is possible that this ordinance could become an element of a pollution control program administered by Alachua County and approved by DEP, plaintiff failed to establish that the ordinance is unconstitutional on its face and in its entirety.[3]
We also find no error in the trial court’s conclusion that the proposed ordinance is not a “land development regulation” under chapter 163, Florida Statutes. See T.J.R. Holding Co. v. Alachua County, 617 So.2d 798 (Fla. 1st DCA1993).
In summary, the trial court did not err when it held that plaintiff had failed to show that the proposed ordinance is unconstitutional on its face and in its entirety, although such ordinance shall have no force or effect unless it is approved by DEP. Accordingly, the final judgment for the defendants in the cause is hereby affirmed.
BARFIELD, C.J., and JOANOS and MINER, JJ., concur.

. Article VIII, § 1(g) of the Florida Constitution provides that a charter county such as Alachua shall have powers of local self-government not inconsistent with general law. Appellees argue that the test to be applied is whether the ordinance is prohibited by general law while appellant urges that the ordinance need only be found inconsistent with general law to be invalidated. We conclude that the result in this case would be the same under either test and decline to further address this issue.

. Alachua County, a named defendant below and an appellee pursuant to Florida Rule of Appellate Procedure 9.020(g)(2), supports appellant’s position in this appeal. Appellee Beverly Hill, as Supervisor of Elections, takes no position on the merits.

. The proposed ordinance provides that it shall be effective immediately upon approval by a majority of the Alachua County electorate. However, it also contains a severability clause. The ordinance may not be enforced unless and until it is approved by DEP.